IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KOEURN ROEUN,<br><br>     Petitioner,<br><br>  vs.<br><br>MATTHEW CATE, Secretary, California Department of Corrections and Rehabilitation,<br><br>     Respondent. | No. 2:10-cv-00071-JKS<br><br>MEMORANDUM DECISION |

  Koeurn Roeun, a state prisoner appearing *pro se*, filed a Petition for Habeas Corpus under 28 U.S.C. § 2254. Roeun is currently in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), incarcerated at the Avenal State Prison. Respondent has answered, and Roeun has replied. In his Petition, Roeun challenges the disciplinary action taken by the CDCR that resulted in the loss of 31 days of good time credit. Roeun does not challenge his conviction or sentence in this proceeding.

I. BACKGROUND/PRIOR PROCEEDING

  Roeun is currently serving an indeterminate prison term of 15 years to life on his November 1993 conviction of Murder in the Second Degree (Cal. Penal Code § 187). In January 2008 Roeun was issued a Rules Violation Report charging him with falsification of a lower bunk chrono (California Code of Regulations, title 15, § 3021). After a disciplinary hearing before a Senior Hearing Officer ("SHO"), Roeun was found guilty and assessed a penalty of the loss of 31 days good time credit. After exhausting his administrative remedies, Roeun timely filed a

petition for habeas relief in the Solano County Superior Court, which denied his petition in an unreported, reasoned decision.  The California Court of Appeal, First District, summarily denied his petition for habeas relief without opinion or citation to authority, and the California Supreme Court summarily denied his petition for habeas relief without opinion or citation to authority on November 12, 2009.  Roeun timely filed his Petition in this Court on January 7, 2010.

The facts underlying Roeun's conviction as recited in the Rules Violation Report:

> On 01-06-08, while verifying lower bunk chronos turned in by inmates the evening before I saw a chrono with Inmate ROEUN's (J-05804, 21-J-2-L) name on it that appeared to be falsified.  Specifically Inmate ROEUN presented a chrono to staff that appeared identical in every respect to another chrono that was turned in by another Inmate except for the name, CDCR number and housing location.  I took the medical chrono to medical records and they searched Inmate ROEUN's medical records for the original copy of the chrono to verify its authenticity.  Medical Records reported to me, after they searched Inmate ROEUN's medical record, the chrono that ROEUN presented to staff was fake and they could not locate any medical chronos similar to the one that Inmate ROEUN had presented to building staff.  Presenting falsified lower bunk chronos to staff in order to obtain a lower bunk disrupts the Facility IV program when staff attempt to find housing for inmates with legitimate medical issues.[1]

The SHO found:

**FINDINGS:**
GUILTY of the Division E(4) offense FALSIFICATION OR FORGERY OR ALTERATION OF ANY GOVERNMENT DOCUMENT OR RECORD NOT AFFECTING AN INMATE'S TERM OR IMPRISONMENT.  Forgery means representing something as genuine that you know has been altered, forged or counterfeited.  This means that the inmate must attempt to pass a document or record as genuine, that he must be aware that it is not genuine and this was done with intent to defraud.  This finding is based upon the following preponderance of evidence:
1. The testimony of SERGEANT D. KYTE in the disciplinary report of 02-06-08; which states in part;  "I discovered that Inmate ROEUN, J-058C4, had falsified a lower bunk chrono."

---

[1] Docket No. 10-1, p. 22.

  2. The lower bunk chrono appeared to be erased and rewritten with false information that authorized Inmate ROEUN to be housed in a lower bunk.
  3. On 02-22-08, Sergeant Kyte checked Medical Records and discovered he did not have an authorized lower bunk chrono in his medical file.
  4. In the hearing, Inmate ROEUN failed to produce a valid lower bed chrono.[2]

## II.  GROUNDS RAISED/DEFENSES

In his Petition, Roeun asserts a single ground: that, because there was no evidence that Roeun falsified the chrono and the regulation under which he was convicted does not adequately warn that possession of a forged document is a violation, Roeun was denied due process of law. Respondent does not assert any affirmative defense.[3]

## III.  STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court renders its decision or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[4] The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision."[5] The holding must also be intended to be binding upon the states; that is, the decision must be based upon constitutional grounds, not on the supervisory

---

[2] Docket No. 10-1, p. 24.

[3] *See* Rules—Section 2254 Cases, Rule 5(b).

[4] 28 U.S.C. § 2254(d); *see Williams v. Taylor*, 529 U.S. 362, 404-06 (2000); *see also Lockyer v. Andrade,* 538 U.S. 63, 70-75 (2003) (explaining this standard).

[5] *Williams*, 529 U.S. at 412.

power of the Supreme Court over federal courts.[6] Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"[7] When a claim falls under the "unreasonable application" prong, a state court's application of Supreme Court precedent must be objectively unreasonable, not just incorrect or erroneous.[8] The Supreme Court has made clear that the objectively unreasonable standard is a substantially higher threshold than simply believing that the state court determination was incorrect.[9] "[A]bsent a specific constitutional violation, federal habeas corpus review of trial error is limited to whether the error 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'"[10] In a federal habeas proceeding, the standard under which this Court must assess the prejudicial impact of constitutional error in a state court criminal trial is whether the error had a substantial and injurious effect or influence in determining the outcome.[11] Because state court judgments of

---

[6] *Early v. Packer*, 537 U.S. 3, 10 (2002).

[7] *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations by the Court); *see Wright v. Van Patten*, 552 U.S. 120, 127 (2008) (per curiam); *Kessee v. Mendoza-Powers*, 574 F.3d 675, 678-79 (9th Cir. 2009); *Moses v. Payne*, 555 F.3d 742, 753-54 (9th Cir. 2009) (explaining the difference between principles enunciated by the Supreme Court that are directly applicable to the case and principles that must be modified in order to be applied to the case; the former are clearly established precedent for purposes of § 2254(d)(1), the latter are not).

[8] *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003) (internal quotation marks and citations omitted).

[9] *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

[10] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)).

[11] *Fry v. Pliler*, 551 U.S. 112, 121 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).

conviction and sentence carry a presumption of finality and legality, the petitioner has the burden of showing by a preponderance of the evidence that he or she merits habeas relief.[12]

The Supreme Court recently underscored the magnitude of the deference required:

> As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. *Cf. Felker v. Turpin,* 518 U.S. 651, 664, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996) (discussing AEDPA's "modified res judicata rule" under § 2244). *It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther.* Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal. *Jackson v. Virginia,* 443 U.S. 307, 332, n. 5, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (Stevens, J., concurring in judgment). As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.[13]

In applying this standard, this Court reviews the last reasoned decision by the state court.[14] State appellate court decisions that summarily affirm a lower court's opinion without explanation are presumed to have adopted the reasoning of the lower court.[15] This Court gives presumed decisions of state courts the same AEDPA deference that it would give a reasoned decision of the state court.[16]

---

[12] *Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002); *see Wood v. Bartholomew*, 516 U.S. 1, 8 (1995) (per curiam) (stating that a federal court cannot grant "habeas relief on the basis of little more than speculation with slight support").

[13] *Harrington v. Richter*, 562 U.S. ___, ___, 131 S. Ct. 770, 786-87 (emphasis added).

[14] *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991); *Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004).

[15] *Ylst*, 501 U.S. at 802-03.

[16] *Richter*, 562 U.S. at ___, 131 S. Ct. at 784-85 (rejecting the argument that a summary disposition was not entitled to § 2254(d) deference).

Under California's unique habeas procedure, a defendant who is denied habeas relief in the superior court files a new original petition for relief in the court of appeal. If denied relief by the court of appeal, the defendant has the option of either filing a new original petition for habeas relief or a petition for review of the court of appeal's denial in the California Supreme Court.[17] This is considered as the functional equivalent of the appeal process.[18] Under AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence.[19] This presumption applies to state trial courts and appellate courts alike.[20]

## IV.  DISCUSSION

Roeun was convicted of violating § 3021, title 15, California Code of Regulations, which provides:

> Inmates and parolees must not intentionally enter or introduce false information into or upon any record or document maintained by the Department of Corrections. Inmates and parolees must not destroy, delete, remove or otherwise intentionally cause any record or document maintained by the Department of Corrections to be a false or incomplete record or document by reason of such action.

Roeun does not contend that the medical chrono he was caught possessing was not forged or falsified. Instead, Roeun argues that § 3021 does not provide adequate warning that his conduct was prohibited. Roeun further argues that, because there was no evidence that he

---

[17] *See Carey v. Saffold*, 536 U.S. 214, 221-22 (2002).

[18] *Id.* at 222.

[19] 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

[20] *Stevenson v. Lewis*, 384 F.3d 1069, 1072 (9th Cir. 2004).

falsified the chrono, only possessed it, he could not be guilty of violating § 3021. The Solano County Superior Court rejected Roeun's arguments, holding:

> The Court has read and considered the petition for *writ of habeas corpus* filed in the above-entitled matter on May 7, 2009, by Koerurn [*sic*] Roeun, a state inmate at California State Prison - Solano. [Roeun] claims that the California Department of Corrections (CDC) denied him due process of law by not fully informing him that his conduct of falsifying a CDC document was prohibited by a rule before he falsified the document.
> [Roeun] has failed to state a prima facie case for relief on any of his claims. (*People v. Duvall* (1995) 9 Cal.4th 464.) The California Code of Regulations, title 15, § 3021 clearly prohibits falsifying any CDC document. [Roeun] had all the required notice.[21]

In reaching its decision, the Solano County Superior Court had before it the decisions rendered in Roeun's administrative appeal process by the Second Level (Warden) and the Director's Level, as well as the decision of the SHO. These decisions provided in relevant part:

> On July 8, 2008[,] you were interviewed via institutional telephone by Lt. C. Ferguson. You were afforded the opportunity to fully explain your appeal position. You reiterated your contentions as stated in your appeal. You denied the charge and claimed you were not the one who falsified the chrono but failed to provide and [*sic*] explanation as to how you became in possession of a medical chrono that was not authorized by a medical doctor. You had nothing else to add. DECISION: The appeal is **denied.**
> Your request for dismissal of the RVR is **denied**. The Second Level finds all administrative due process safeguards were met. You failed to provide any evidence to refute the RVR charge which indicates, "*I saw a chrono with inmate Roeun's (J-05804, 21-J-2L), name on it that appeared to be falsified. Specifically, inmate Roeun presented a chrono to staff that appeared identical in every respect to another chrono that was turned in by another inmate except for the name, CDC number and housing location. I took the medical chrono to the medical records and they searched inmate Roeun's medical records for the original copy of the chrono to verify its authenticity.*" The Second Level affirms the SHO [*sic*] guilty finding.[22]

---

[21] Docket No. 10-1, p. 34.

[22] Second Level Decision, Docket No. 10-1, pp. 27-28 (emphasis in the original).

    **III  DIRECTOR'S LEVEL DECISION:**  Appeal is denied.
        **A.  FINDINGS:**  The appellant was afforded all due process rights in the adjudication of the RVR and all procedural guidelines were met. A preponderance of evidence was established by an impartial SHO to sustain the guilty finding. Reports reflect that the appellant has presented no new or compelling evidence in the appeal, which would warrant a modification of the decision reached by the institution.
        **B.  BASIS FOR THE DECISION:**
    California Code of Regulations, Title 15, Section: 3005, 3021, 3270, 3312, 3315, 3318, 3320, 3323
        **C.  ORDER:**  No changes or modifications are required by the Institution.[23]

Prison disciplinary proceedings are not part of a criminal prosecution; therefore, the full panoply of rights due a defendant in such a proceeding does not apply.[24] In the context of prison disciplinary proceedings the minimum requirements of due process are: (1) advance written notice of the charges brought against the inmate; (2) the right to call witnesses and present documentary evidence in his defense; (3) a written statement of the factfinder of the evidence relied on and the reasons for the disciplinary action taken,[25] and (4) the findings must be supported by some evidence in the record.[26] Roeun's Petition implicates the fourth element.

Roeun is correct that there is no *direct* evidence that he caused the medical chrono he possessed to be falsified. Roeun is also correct that the language of § 3021 does not encompass mere possession of a falsified document. If that were the test, Roeun would be entitled to the relief he has requested. That is not, however, the correct test.

---

[23] Director's Level Decision, Docket No. 10-1, p. 30.

[24] *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

[25] *Id*. at 563-66.

[26] *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985).

That Roeun created the falsified chrono may be established by circumstantial evidence. Under California law, "[p]ossession of a forged [document] is, by itself, some evidence of forgery. Combined with any other corroborative evidence, however slight, possession of a forged [document] is sufficient to convict for forgery."[27] It is undisputed in this case that the medical chrono was falsified, that Roeun had it in his possession, and that he used (or attempted to use) the falsified chrono for the purpose of obtaining a lower bunk to which he was not medically entitled. Implicit in the decisions of the California courts is that this was sufficient to establish a violation of § 3021, i.e., Roeun had created (forged) the false chrono. Balanced against this evidence is Roeun's naked denial that he forged the chrono.

In reaching his decision, the SHO implicitly found that Roeun's denial was not credible. As the Supreme Court made clear in *Hill*, in applying the "some evidence" standard:

> [. . . .] Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.[28]

The constitutional standard for sufficiency of the evidence is whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[29] In a federal habeas proceeding challenging a state-court conviction, this Court is precluded from either re-weighing the evidence

---

[27] *See People v. Martinez*, 26 Cal. Rptr.3d 234, 238 (Cal. App. 2005).

[28] *Id.* at 455-56. California has adopted this approach. *See In re Zepada*, 47 Cal. Rptr.3d 172, 176 (Cal. App. 2006).

[29] *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in the original); *see McDaniel v. Brown*, 558 U.S. ___, ___, 130 S. Ct. 665, 673 (2010) (reaffirming this standard).

or assessing the credibility of witnesses. Where, as in this case, the question is one of credibility, the finding of the finder-of-fact carries the day.[30] Under *Jackson*, the role of this Court is to simply determine whether there is any evidence, if accepted as credible by the trier of fact, sufficient to sustain conviction.[31] It is through this doubly-deferential lens that this Court must view the Petition before it.

Applying the clear teachings of *Williams-Andrade-Schriro-Richter*, this Court cannot find that the decision of the Solano County Superior Court upholding the necessarily implied determination by the Senior Hearing Officer that Roeun intentionally falsified a CDCR document was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[32] With that determination, Roeun's argument that § 3021 failed to give adequate notice that his conduct was prohibited becomes moot.

V.  CONCLUSION AND ORDER

Roeun is not entitled to relief.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

---

[30] *See Bruce v Terhune*, 376 F.3d 950, 957 (9th Cir. 2004).

[31] *See Schlup v. Delo*, 513 U.S. 298, 340 (1995).

[32] 28 U.S.C. § 2254(d).

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[33]  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.[34]

The Clerk of the Court is to enter judgment accordingly.

Dated:  August 12, 2011.

/s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
United States District Judge

---

[33] 28 U.S.C. § 2253(c); *Banks v. Dretke,* 540 U.S. 668, 705-06 (2004) ("to obtain a certificate of appealability a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'") (quoting *Miller-El*, 537 U.S. at 327).

[34] *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.